# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MICHAEL DARREN DARBY, # 239989 | : | |
|     Petitioner | : | |
| v | : | Civil Action No. L-11-1971 |
| MR. GREG BARTKOWSKI, *Administrator, New Jersey State Prison*, et al. | : | |
| | : | |
|     Respondents | : | |

## MEMORANDUM

Pending is Michael Darren Darby's ("Darby") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. Darby also seeks to proceed in forma pauperis and moves for appointment of counsel. The case will be transferred to the District of New Jersey for all proceedings deemed appropriate.

Darby, a self-represented litigant, is challenging his convictions entered pursuant to a guilty plea in 1991 in the Cumberland County Superior Court in New Jersey for first-degree murder and first-degree armed robbery. Darby appears to assert that the District of Maryland has jurisdiction over this § 2254 proceeding because he was taken into custody in Baltimore at the request of New Jersey police.

A person in custody pursuant to the judgment of a state court may file a petition for a writ of habeas corpus in the United States district courts if the custody is in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375, n. 7 (2000). Venue for a habeas corpus petition challenging a conviction is proper in the judicial district in which the petitioner was

convicted. 28 U.S.C. § 2241(d). In this case, Darby was convicted in New Jersey for crimes committed in that State. Accordingly, this case will be transferred to the District of New Jersey for all matters deemed appropriate .[1] A separate Order follows.

July 20, 2011                                              /s/
                                                    _____
                                                    Benson Everett Legg
                                                    United States District Judge

---

[1] The court notes this case may present issues concerning the petition is timely under 28 U.S.C. § 2244(d) and whether Darby has exhausted his remedies before the state courts as required by 28 U.S.C. § 2254 (b) and (c).